**UNITED STATES DISTRICT COURT**
**District of New Jersey**

**MARTIN LUTHER KING JR.**
**FEDERAL BUILDING & U.S. COURTHOUSE**
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**CHAMBERS OF**
**JOSE L. LINARES**
**JUDGE**

**NOT FOR PUBLICATION**

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

August 22, 2007

Re:   **US Mortgage Corp. v. Cotton State Mortgage, Inc.**
      **Docket No. 06-956**

Dear Parties:

    Plaintiff, US Mortgage Corporation, sued Defendants, Cotton State Mortgage, Inc. ("Cotton State"); Adebanjo Sonubi; Ernest McClendon; Appraisal-Service Metro, Inc.; Ronald E. Grimm; Chris Neil; Henry Financial Management, LLC; and Travis Henry for fraud, conversion, breach of contract, and breach of the covenant of good faith in fair dealing, stemming from a purportedly fraudulent real property transfer and purchase money mortgage loan transaction. The only defendants remaining in this case are Cotton State and Travis Henry.[1] The Court herein directs the parties to move this action against Cotton State and vacates the entry of default against Travis Henry.

**A.**   **Defendant Cotton State**

    Cotton State filed an answer to Plaintiff's complaint on June 30, 2006. On October 6, 2006, Cotton State's attorney, John M. Barbarula, Esq., filed a motion to withdraw as counsel. Magistrate Judge Claire C. Cecchi granted this motion by order dated January 10, 2007.[2] At that time, Judge Cecchi informed Cotton State that since it is a corporation, it cannot proceed *pro se* and must obtain legal representation. Judge Cecchi indicated that if Cotton State did not obtain

---

[1] Plaintiff settled its claims with Adebanjo Sonubi and thus, Plaintiff's claims against this defendant were dismissed by order dated February 28, 2007. The Court dismissed Plaintiff's claims against Ernest McClendon and Chris Neal on June 26, 2007 pursuant to Fed. R. Civ. P. 4(m). The Court dismissed Plaintiff's claims against Appraisal Service-Metro, Ronald E. Grimm, and Henry Financial Management on July 19, 2007 for failure to comply with the Court's June 19, 2007 and June 28, 2007 orders.

[2] The order states that it was signed on "January 10, 2006." This is a typographical error. The date should be "January 10, 2007."

an attorney and have such attorney enter an appearance in this case by February 12, 2007, its answer would be stricken and the Clerk would enter default against Cotton State. Cotton State did not comply with this directive. On June 20, 2007, Judge Cecchi issued an order striking Cotton State's answer from the record and directing the Clerk to enter default against Cotton State. The Clerk entered default against Cotton State on June 22, 2007.

Plaintiff has not moved for default judgment against Cotton State, despite the fact that two months have passed since the Clerk entered default against this defendant. Thus, the Court herein directs the parties to move this action, by Plaintiff filing a motion for default judgment, or Cotton State obtaining counsel and submitting an answer to the complaint, by September 21, 2007. If the parties fail to comply with this directive, Plaintiff's claims against Cotton State will be dismissed.

**B.    Defendant Travis Henry**

Travis Henry did not file an answer to Plaintiff's complaint. On January 26, 2007, Plaintiff requested that the Clerk enter default against Henry. The Clerk entered default against Henry on January 30, 2007. On May 29, 2007, the Court received a submission from Henry in which he asks the Court to vacate the Clerk's entry of default against him. Henry claims that he was not properly served with the summons and complaint and denies the allegations against him. Henry claims that he was only informed of the instant lawsuit upon applying for broker approval with another mortgage company; however, Plaintiff's process server represented in a Return of Service filed with the Court that Henry was personally served with the summons and complaint on April 4, 2006.

This Court has the authority to set aside the Clerk's entry of default against Henry for "good cause" shown. See Fed. R. Civ. P. 55(c). The Court herein sets aside the Clerk's entry of default against Henry. The Third Circuit expressly disfavors default judgments, preferring that cases be adjudicated on their merits. See, e.g., Martin v. United States Attorney's Office, No. 06-5115, 2007 WL 1672354, at *1 (D.N.J. June 7, 2007). In considering whether to vacate a Clerk's entry of default under Rule 55(c), courts consider whether (1) the plaintiff will be prejudiced; (2) the defendant has a meritorious defense; and (3) the default was the result of the defendant's culpable conduct. See, e.g., id.; Getty Petroleum Marketing, Inc. v. Saini, No. 05-4732, 2007 WL 465451, at *2 (D.N.J. Feb. 7, 2007).

In this case, Plaintiff will suffer no prejudice by the Court vacating the Clerk's entry of default. Despite the Clerk having entered default against Henry on January 30, 2007, Plaintiff has still not moved for default judgment against Henry, and Plaintiff has had its claims dismissed against various other defendants in this case for similar deficiencies. Furthermore, this Court cannot say that Henry's failure to answer was due to culpable conduct. In the context of Rule 55(c), culpable conduct refers to behavior that is willful or done in bad faith, i.e., something more than negligence must be shown. See, e.g., Martin, 2007 WL 1672354, at *2. Defendant has told the Court that as a *pro se* litigant, he did not realize that he had been named as a

defendant in this lawsuit.  Plaintiff has pointed to no evidence that Henry's failure to answer was done willfully or in bad faith.  In addition, Henry's defense, which appears to be that he was not affiliated with the allegedly fraudulent transaction at issue, if proven, has merit.

Thus, the Clerk's entry of default against Travis Henry on January 30, 2007 is hereby vacated.  Henry must file an answer to Plaintiff's complaint by September 21, 2007.  Should he fail to do so, Plaintiff may re-file a request for the entry of default against Henry, and, if such is granted, subsequently file the appropriate motion for default judgment against Henry.

An appropriate order accompanies this letter opinion.

/s/ Jose L. Linares
United States District Judge